Where plaintiff, in an action to recover for injuries received, alleges that she was prevented from attending to her duties as a manufactory employé, evidence as to the amount of wages earned by her was admissible.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Louise T. Russell against the Metropolitan Street-Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

G. Glenn Worden, for appellant.

Hill, Sturcke & Andrews, for respondent.

PER CURIAM. There was a sharp conflict of evidence as to how the accident to the plaintiff happened. She and her sister both swear that the plaintiff had started to board the car, which was an open one, and had gotten on to the running board or step with both feet, holding the stanchion with one hand, before the car began to move. If this be so, the conductor should have given her time to reach a place of safety before starting the car. It is true that the plaintiff's story is supported only by herself and her sister, while the defendant's theory, that she attempted to board the car after it had started, is supported by two apparently disinterested passengers, in addition to the conductor. The witnesses for the defense are not altogether agreed as to the details of the occurrence, while the plaintiff and her sister tell consistent stories, and are not in the least shaken on cross-examination. We see no reason to reverse the justice's determination on the facts. The plaintiff was allowed to testify how much she earned as wages. The defendant objected on the ground that she had not sued for loss of wages. Her complaint alleges that she "was prevented from attending to her duties as a manufactory employé." We think that this was equivalent to an allegation that she suffered a loss of wages.

Judgment affirmed, with costs.

---

(35 Misc. Rep. 273.)

NICHOLS v. POTTS et al.

(Supreme Court, Appellate Term. June, 1901.)

1. CONDITIONAL SALE—FILING CONTRACT—VALIDITY.

Under Laws 1897, c. 418, §§ 112, 113, where the vendor of cabinet mantels made a conditional sale thereof, title not to pass until full payment, and filed the same in the manner required by such act, his reservation of ownership was valid from the day of record against all subsequent purchasers, pledgees, or mortgagees in good faith.

2. SAME—MORTGAGE—PRIORITY.

Where property in which mantels conditionally sold were placed had been mortgaged before such sale and delivery, the mortgagees cannot

hold the mantels as against the conditional vendor, except to the extent of advances made between the date of the conditional sale and the filing of the contract of sale according to the statute.

3. REPLEVIN—DISMISSAL.

Where, in replevin, defendant showed no right of property or possession, but alleged property in another, possession should not be awarded to him, but the complaint should be dismissed.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Adelbert S. Nichols against George Potts and Charles F. Patridge. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Goeller, Shaffer & Eisler, for appellant.

George S. Billings, for respondents.

PER CURIAM. In August, 1899, the plaintiff sold and delivered to one D. T. Atwood certain cabinet mantels under a conditional bill of sale, which provided in terms that the title to and property in the mantels should remain in the plaintiff until they were paid for. Atwood was a nonresident of the state of New York, and the bill of sale was duly filed in the office of the register of Kings county on November 17, 1899. Under the provisions of the lien law (Laws 1897, c. 418, §§ 112, 113), the reservation of ownership in the plaintiff was valid and effectual from the date of filing against all subsequent purchasers, pledgees, or mortgagees in good faith. As to any mortgagee whose lien upon the real estate has attached before the conditional sale and delivery of the mantels, no claim could be asserted to the mantels, because, until paid for, they remained personal property, and not a part of the realty. Duffus v. Furnace Co., 8 App. Div. 567, 40 N. Y. Supp. 925. It appears that at the time of the sale of the mantels the house in which they were placed was subject to certain mortgages, one of which was afterwards foreclosed by the defendants, to whom it had been assigned, and the property sold to one Bacon, who, as it is claimed, acted merely as a dummy for the defendants. After the conveyance to Bacon, the plaintiff commenced this action for the replevin of the mantels, and they, and all except a small portion of the goods which entered into their construction, were taken, and returned to the plaintiff. The defendants denied that any proper demand had been made upon them, or that they owned the mantels, or had them in their possession or control, but alleged that they belonged to John Bacon, who is not a party to the action. The justice awarded judgment in favor of the defendants for a return of the property, or, in default thereof, for the payment of a sum which he fixed upon as the value. The evidence does not disclose when Atwood made the mortgage which was foreclosed. It seems to have been assumed upon the trial that it was made before the conditional sale and delivery of the mantels. If this is so, the mantels never fell under the lien of the mortgage, unless advances were made thereon after the delivery of the mantels, and before the filing of the contract

for sale. The learned justice seems to have based his decision in part upon the assumption that such advances had been made. We are unable to find in the record any satisfactory evidence of the fact. The mortgage seems to have been made to one McLaughlin. It is not attached to the return, and we are, therefore, not advised as to its contents. The only evidence touching advances is contained in the testimony of George Potts, one of the defendants, who said that he told the plaintiff's agent, during the progress of the foreclosure suit, and before the filing of the contract of conditional sale, that "the inspector had been through the houses several times recently, inspecting the houses, and he had made payments from the title company on these houses with the mantels being in, which he wouldn't have made if the mantels had not been in the houses." This falls very far short of competent evidence that any advances had been made, or, if they had, that they had been made under McLaughlin's mortgage, for there is nothing in the evidence to connect McLaughlin with the title company, or any advances made by it. If the defendants desired to rest their defense upon the making of advances between the date of sale and the date of filing of the contract, they should have offered some competent evidence to show not only the fact of such advances, but also that they were made in ignorance of the continued title to the mantels in the plaintiff. Duffus v. Furnace Co., 8 App. Div. 573, 40 N. Y. Supp. 925. Nor was the justice authorized in awarding to the defendants possession of the property and damages for its withholding. Unless Bacon was their dummy (which they do not concede), there is nothing in the evidence to show any right of possession in them. Their whole defense is based upon the contention that Bacon, and not themselves, owned the property; and there is no evidence that he has ever conveyed it to them. At the most, the judgment should have gone no further than to dismiss the complaint, leaving the question of ownership, as between Bacon and the plaintiff, to be determined in an appropriate action. Nor was there any evidence of the value of the goods which were replevied. They did not include all that were sold, and there is nothing in the case to show the value of that portion which was not returned.

Judgment reversed and new trial ordered, with costs to abide the event.