BOWEN v. DAWLEY.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

SALES—CONDITIONAL SALES—REMEDY OF SUBSEQUENT PURCHASER.

The lien law (Laws 1897, p. 540, c. 418, § 112) provides that a reservation of title in the vendor in a conditional contract of sale shall be void as against subsequent purchasers in good faith, and as to them the sale be deemed absolute unless the contract or a copy thereof is filed as provided for in the statute. Plaintiff purchased from defendant a machine under a contract of conditional sale, and when only a portion of the purchase price had been paid learned that defendant had purchased from a third person under a similar contract, and that defendant had not paid for the machine; plaintiff's knowledge being derived from a filing at that time of the contract between defendant and his vendor. *Held*, that plaintiff was entitled to refuse to proceed with the contract and to recover the money already paid and any damages which might have resulted to him from defendant's defective title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1457.]

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Oneida County Court.

Action by Chauncey L. Bowen against Adelbert R. Dawley. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Albert J. O'Connor, for appellant.
J. S. Schwarz, for respondent.

SPRING, J. On the 2d of August, 1905, the above-named defendant sold to the plaintiff a National cash register upon a written agreement for the purchase price of $100. The vendee was to pay therefor in weekly installments of $3.50, and the title to said register was to remain in the vendor until all the installments and payments had been made; and, in case of failure to make the stipulated payments, all moneys paid should be forfeited. The plaintiff made his weekly payments in compliance with the agreement until some time in the month of November, paying the sum of $45.50. He at that time, upon investigation, ascertained that the vendor was not the owner of the register at the time of the sale to him, informed him of that fact, and refused to make any further payments. The defendant thereupon demanded that he complete his payments in accordance with the agreement, which plaintiff refused to do, telling the defendant that he had no right to sell the register, and, upon such refusal, the defendant took possession of the register. The plaintiff then commenced this action in Justice's Court to recover the amount paid by him, but was nonsuited at the close of all the evidence.

It appears that the defendant had purchased the register of the National Cash Register Company upon a conditional contract, providing that the title was to remain in that company until all the payments were made, and only a small amount had been paid upon the purchase price even at the time when the plaintiff refused to continue his payments. After the vendor had retaken the register he paid the balance due to his vendor, but there is no proof that the vendee knew of such payment. The contract between the parties was executory in its nature and vested no title in the plaintiff. E. S. T. F. Co. v. Grant, 114 N. Y. 40, 21 N. E. 49. He did not even have a leviable interest therein. He was not obliged, upon learning that his vendor had no title to part with, to go on and complete his payments and take his chances as to the solvency of the vendor. Although the contract was executory, it was his privilege, upon ascertaining that the vendor was not the absolute owner of the register, to refuse to comply, and bring suit to recover damages. Burt v. Dewey, 40 N. Y. 283, 100 Am. Dec. 482; Bordwell v. Collie, 45 N. Y. 494–497. The vendor, in assuming to dispose of the property, impliedly guarantied the title, and the vendee had a right to rely upon that warranty. McGriffin v. Baird, 62 N. Y. 320–329. Except for the statute hereafter adverted to, the vendee in acquiring the property, even on a conditional sale, made the purchase at his peril. If the vendor failed to have an absolute title to the property sold, or if there was any superior outstanding equity, the vendee purchased subject to that equity, even though his vendor

was in possession of the property. Austin v. Dye, 46 N. Y. 500; N. Y., G & I. Co. v. Flynn, 55 N. Y. 653; Am. & Eng. Encyc. of Law (2d Ed.) vol. 6, p. 486–487. To obviate the mischief of this rule, what is known as the "Lien Law" (chapter 418, p. 540, Laws 1897) was enacted, in section 112 of which it is provided that a reservation of title in the vendor in a conditional contract of sale. "shall be void as against subsequent purchasers, pledgees or mortgagees in good faith, and as to them the sale shall be deemed absolute," unless the contract or a copy thereof is filed as prescribed in article 9 of the act.

The evidence in this case establishes that the plaintiff was a purchaser in good faith at the time he entered into this contract of purchase and accepted the property. Subsequently, however, and about the time he refused to complete his payments, he learned of the title of the National Cash Register Company, which had omitted to file its contract reserving ownership in itself. The plaintiff was protected in the payments already made, but as to any which he might make subsequent to the notice of the outstanding title in the register company he ceased to be a purchaser in good faith. Sargent v. Eureka Spund Apparatus Co., 46 Hun, 19; Nichols v. Potts, 35 Misc. Rep. 273, 71 N. Y. Supp. 765. In Sargent v. Eureka Spund Apparatus Co., supra, the purchaser had paid a considerable part of the contract price when he learned of the outstanding superior title, and refused to complete his payments. In considering the effect of the knowledge acquired by the vendee during the progress of his payments, the court say:

"The character of a bona fide purchaser must be completed before his title will have protection as against an outstanding equity."

The court then proceeds to discuss the proposition, holding that payments made by him after he has acquired notice are not available against the superior equity, and that it was the duty of the vendee "to desist from proceeding further to complete his purchase," and the court then adds, at page 21:

"The view here entertained is that the character of bona fide purchaser is not completed unless the whole amount of the purchase money is paid before the purchaser becomes chargeable with notice of the outstanding equity."

It seems to have been long settled by authority that upon a contract of sale, where the vendee in possession has not completed his purchase price, but is making payments along in installments, that he is not a purchaser in good faith until he has completed his payments. Stalker v. McDonald, 6 Hill, 93, 40 Am. Dec. 389; Warner v. Winslow, 1 Sandf. Ch. 430.

But it is contended that the effect of this general rule and of the authorities cited is destroyed by the provisions of the lien law mentioned. That law was enacted in view of the well-settled definition of a purchaser in good faith; and, if within that definition one ceases to be a purchaser in good faith, the statute is applicable to him.

It is further urged that the statute provides that the sale shall be deemed "absolute" unless the contract has been filed. The contract is a conditional one as between the parties to it, but against other parties holding a superior claim, of which the conditional vendee has had no notice, it is an "absolute" agreement, and they cannot take advantage

of the lack of title or the forfeitable character of the vendee's interest. The contract, so far as it affects the holder of an outstanding claim or lien, which has not been filed, is the same as if the vendee became, by his agreement, the unqualified owner of the property. It was not intended by providing for an absolute title in the conditional vendee who has purchased without notice of the unfiled prior lien that he should receive greater protection and hold by a more secure title than if it had been unqualified by the terms of the agreement itself, yet such is the effect if the construction contended for by the respondent is to prevail. The lien law does not infringe upon the fundamental rule that a purchaser in good faith is one who has paid the full purchase price. If a mortgagee has advanced only a small part of the consideration named in the mortgage, but by his contract with the mortgagor is to pay to him the balance from time to time, I take it that, if he acquires notice of a superior title before advancing moneys which comprise the consideration of the mortgage, he will not be protected as to subsequent advancements. After notice he would cease to be a mortgagee in good faith.

It is provided by our statute that an unrecorded conveyance "shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate * * * whose conveyance shall be first duly recorded." Rev. St. (Banks & Bros.' 9th Ed.) vol. 2, p. 1830. A purchaser to bring himself within the protection of this statute must have paid the full purchase money before notice of the unrecorded conveyance. Spicer et al. v. Waters, 65 Barb. (N. Y.) 227; Duffus v. Howard Furnace Co., 8 App. Div. 567, 572, 40 N. Y. Supp. 925; Salmon et al. v. Norris, 82 App. Div. 362–365, 81 N. Y. Supp. 892; Jewett v. Palmer, 7 Johns. Ch. 65, 11 Am. Dec. 401; Am. & Eng. Encyc. of Law (2d Ed.) vol. 23, p. 517. The only object of the statute we are considering is to protect an innocent vendee. It is not enacted to operate injuriously to the holder of a superior title, or as a penalty against him for omitting to file his contract of sale. If the vendee before he has parted with the full purchase price of his contract receives notice of the existing title in the prior vendor, he is in the same situation as if the prior contract had been filed. He is indemnified as to all payments which have been made if the prior vendor seeks to retake the property. The payments of the last vendee are a lien upon the property down to the time of notice. If, by reason of the notice, he desires to terminate his contract with his vendor, he can return the property to him, sue him for the money he has already paid him, and for any damages which may have resulted to him by reason of the defective title of the vendor. This interpretation of the agreement seems to be an equitable one, and does no violence to the statute.

It is claimed that the defendant was permitted to dispose of the register by the agent of the register company. The agent did not make the original contract with the defendant. nor did he know its terms. He did not possess any authority to terminate the agreement with his company or to permit the defendant to sell the register. He testified on this subject:

"I did not enter into any contract releasing the contract that Mr. Dawley had entered into with the company. The company furnished me with prescribed

forms of contract. No one in authority told me that I could vary the terms of that contract. I did not get my instructions that way. Q. Whether or not the sale was made with your permission or the company's? A. The sale was made by my consent."

The plaintiff was nonsuited, and all the facts which are to be construed in his favor were established essential to sustain the proposition to which I have adverted.

The judgment of the County Court and of the justice of the peace should be reversed, with costs to the appellant in this court and the court below.

Judgment of the County Court and of the justice of the peace reversed, with costs to the appellant in this court and the court below.

WILLIAMS and NASH, JJ., concur in result.

KRUSE, J., dissents in an opinion in which McLENNAN, P. J., concurs.

KRUSE, J. (dissenting). I dissent upon the ground that since the conditional bill of sale to the defendant was not filed as the statute requires, and the purchase was made by the plaintiff of the defendant in good faith and without notice thereof, he is protected by the statute relating to conditional sales of personal property, which provides that such conditions and reservations of title in the vendor shall be void as to subsequent purchasers in good faith, and that as to them the sale shall be deemed absolute unless the contract or a copy thereof is filed, which concededly was not done in this case.