Otis Elevator Company, Plaintiff, *v.* Rochester Friendly Home, Defendant.

(Supreme Court, Monroe Special Term, March, 1918.)

Pleading — when demurrer will lie to complaint — title — parties — contracts — personal property.

  . A demurrer will lie to a complaint in an action to recover an elevator and appurtenances substantially installed in a building by a vendee under a conditional sales contract reserving title in the vendor until the contract price is fully paid, where it does not appear from the allegations in the complaint that the owner of the building had actual or constructive notice of the reservation of title prior to the installation.

  A demurrer will lie to such a complaint where the elevator and appurtenances have been substantially installed and have become a part of the realty and it does not appear from the allegations in the complaint that notice, actual or constructive, had been given to the owner of the reservation of the property as personalty prior to the installation.

  A demurrer will lie to such a complaint on the ground of a defect of parties defendant where the vendee is not made a party, since the determination of the action without his presence will subject the owner to a double hazard of recovery and his presence is necessary to a complete determination of the rights of the parties under the contract.

Demurrer to complaint.

Leonard B. Bacon, for motion.

Edward C. Randall, opposed.

Rodenbeck, J.   This action is one to recover an elevator and appurtenances installed in the building of the defendant owner under a conditional sales contract made with one Rossell, contractor, to which the defendant was not a party and of which it had no

notice except by the filing of the contract in the county clerk's office.

The plaintiff and Rossell could make an arrangement between themselves that the elevator should remain the property of the plaintiff until fully paid for, but this arrangement would not be binding upon the defendant unless it knew of it. The statute provides for notice by filing the contract, which is to be void as against subsequent purchasers in good faith unless observed. Pers. Prop. Law, § 62. This filing must take place on or before the delivery of the property, to be an effectual notice, and not, as alleged in the complaint, "prior to the commencement of the action and the complete delivery of all said material." The complaint is defective as to the allegation of the filing of the contract. It alleges that prior to the 17th day of October, 1917, plaintiff manufactured and "delivered" upon the premises of the defendant the property in question "excepting electric wiring and lighting fixtures for said car," and there should be an allegation that at the time of, or prior to, such delivery it filed its contract in the county clerk's office. There is no allegation that any part of the elevator was delivered after the filing of the contract. If the contract was not filed in time, it is void as against the defendant, a subsequent purchaser in good faith, and the allegation of timely filing is an essential part of the plaintiff's cause of action. In the absence of such an allegation, the plaintiff was required to allege that the defendant was not a subsequent purchaser in good faith. Where such an action as this one is not brought against the vendee but against a third party, it is incumbent upon the vendor to allege the facts making out a cause of action against such third party. Having parted with the property, the plaintiff cannot recover it unless it shows that the defendant knew by the

timely filing of the contract that the title did not pass (Pers. Prop. Law, § 62) or, the contract not having been filed in time, that the defendant otherwise knew of its terms and did not stand in the position, under the statute, of a subsequent purchaser in good faith. *Bowen* v. *Dawley,* 116 App. Div. 568, 570. Under the common law these contracts were binding upon third parties though purchasers in good faith and for value, but this rule has been changed by statute and they are no longer binding upon subsequent purchasers in good faith unless filed in time to give notice of their terms.

There is another reason why the plaintiff's complaint is defective. Under the contract between it and its vendee it sought to preserve the elevator and appurtenances as personalty. This it could do as between itself and its vendee (*Ford* v. *Cobb,* 20 N. Y. 344; *Sisson* v. *Hibbard,* 75 id. 542; *Tyson* v. *Post,* 108 id. 217), but not as against this defendant without notice. The elevator was " substantially installed " according to the complaint, all but the electric wiring and lighting fixtures for the car, and had become a part of the realty, and the plaintiff cannot be permitted to treat it as personalty as against the defendant without notice. There is no allegation that the elevator and appurtenances are personal property subject to recovery in this action. It knew that the elevator was to be built into the building and that its removal would involve an injury to the realty and it is not in a position to claim now that the property is personalty and removable under its contract unless it alleges that the defendant, at the time the elevator was installed, knew the terms of the contract in this respect, either actually by express notice or constructively from the filing of the contract. *Jermyn* v. *Hunter,* 93 App. Div. 175; *McMillan* v. *Leaman,* 101

id. 437; *Kirk* v. *Crystal,* 118 id. 32; *Fitzgibbons Boiler Co.* v. *Manhasset Realty Corp.,* 125 id. 764; *Fitzgibbons Boiler Co.* v. *City of New York,* 173 id. 463. The allegation that there was no delivery to its vendee is a conclusion contradicted by the allegation of fact that prior to October 17, 1917, the elevator and appurtenances, with an unimportant exception, were " delivered upon the premises of the defendant " and " substantially installed " prior to October 1, 1917. The allegation that the plaintiff is the owner of the property is also a conclusion drawn from the contract and other facts in the complaint which speak for themselves.

The vendee should be made a party so that the entire controversy between the persons interested may be determined in one action. That is the principle that should control, rather than the doctrine that he should not be brought in if the court can determine the controversy without prejudice to the rights of others or saving their rights.

The defendant should not be put to the double hazard of a recovery in this action and also in a subsequent action by the vendee. The vendee should be made a party so as to be bound by the judgment. He is a party to the contract under which the plaintiff seeks to recover the property. The antiquated and cumbersome proceedings provided in the Code of Civil Procedure are not exclusive and do not restrict the common-law powers of the court to bring in third parties when, as here, they appear on the face of the complaint to have an interest in the controversy. 1 Rumsey Pr. (2d ed.) 471; 1 Nichols N. Y. Pr. 998; *Anderton* v. *Wolf,* 41 Hun, 571, 572.

The statute relating to conditional sales was designed to protect a party situated as is this defendant against a secret conditional contract, and when

the vendor in such a contract seeks to recover the property covered by such a contract attached to realty, or from an innocent third party, he must allege that he has filed his contract as required by the statute or that such party knew its terms and acted with his eyes open, and is, therefore, not in a position to invoke the protection of the statute. The action should not proceed until the plaintiff puts its complaint in proper form, if it can do so, so as to allege a cause of action. The plaintiff should be required to meet squarely the issue which it tenders and should allege the essential facts in " plain and concise " language which constitute its cause of action and not put the defendant to its defense if it cannot do so.

Motion granted, with ten dollars costs, with leave to amend within twenty days after service of an order in accordance herewith.

Ordered accordingly.