KOHLER CO., INC., Plaintiff, v. WILLIAM BRASUN, Defendant.

Supreme Court, Herkimer County, December 7, 1926.

Sales — conditional sale — action to recover possession of lighting plant sold by plaintiff to third party under conditional bill of sale — apparatus was installed in cellar of hotel so that it could be detached without leaving trace of removal therefrom — defendant purchased hotel property on foreclosure sale at which no reservation of right to lighting plant was made — failure of plaintiff to file contract in clerk's office of county in which hotel was located, as required by Personal Property Law, § 67, precludes recovery — agreement between parties that property was to retain its character as personal property not binding as against bona fide purchaser of realty without notice.

Defendant, who purchased a hotel at a foreclosure sale, in the cellar of which had been installed an electric lighting plant which could be detached without leaving any trace of its removal, acquired good title to said plant, notwithstanding the fact that it was sold to the mortgagor under a conditional sales agreement containing a reservation of title in the plaintiff, where it appears that plaintiff failed to file said conditional sales contract or a copy thereof as required by section 67 of the Personal Property Law in the clerk's office of the county within which the hotel was located, since the failure to so file makes any reservation of title void as against a subsequent purchaser for value who, like defendant, is without notice of the seller's claim of title.

While plaintiff and its purchaser were at liberty to make an agreement between themselves that the plant should retain its character as personal property, though attached to the realty, such an agreement was not binding against the defendant who was a bona fide purchaser without notice of the contract of sale.

ACTION in replevin by the court without a jury.

*Fred J. O'Donnell,* for the plaintiff.

*Wilbur & Winslow,* for the defendant.

EDGCOMB, J. This is a replevin action brought to recover possession of a lighting plant sold on the 20th of September, 1924, by the plaintiff to one Joseph Jerewicz under a conditional bill of sale, title to remain in the plaintiff until the plant was fully paid for. The purchaser defaulted in his payments, and the plaintiff claims that he is entitled to the possession of the property.

The apparatus was installed in a hotel in the town of Litchfield, Herkimer county. It sat upon a concrete base in the cellar, and was held in place by four bolts and nuts. From it wires ran to various parts of the hotel. The plant could be removed from the building by unscrewing the nuts, disconnecting the wires and lifting the apparatus off the base. By doing so, the building was not injured in any manner, and no part of the floors or walls were interfered with or disturbed.

When Jerewicz purchased the lighting plant he was in posses-

sion of the hotel under a land contract, which was later foreclosed. Defendant purchased the property on the foreclosure sale, and obtained a deed from the sheriff on September 4, 1925. No reservation of the plant was made upon the foreclosure sale, and the defendant was ignorant of the terms upon which it was sold.

At the time the plant was purchased, a copy of the contract of sale was filed in the town clerk's office of the town of Litchfield, where the purchaser resided. It was not filed elsewhere. Plaintiff's right to recover depends upon whether the contract, together with a statement briefly describing the realty and stating that the plant was attached thereto, should also have been filed in the county clerk's office of Herkimer county. Defendant insists that because of such failure the plaintiff cannot recover. Plaintiff urges that such requirement is not a prerequisite to his success.

The Uniform Conditional Sales Law (added by Laws of 1922, chap. 642), constituting article 4 of the Personal Property Law, has defined the validity of a conditional sale of goods which are affixed to realty so as to become fixtures. In addition to the requirement of filing the contract in the town or city clerk's office where the purchaser resides, as provided in section 66, section 67 makes certain other regulations mandatory, if the provision reserving title to the property sold is to retain its efficiency. This latter section deals with three separate and distinct situations: (1) It makes a reservation of title void as against any person who has not expressly assented thereto where the chattels have been so affixed to the realty that they have lost their identity and have become a part of the real estate, and cannot be removed without material injury to the freehold. (2) When the goods are attached to the realty in such manner that, although they have become a part thereof, they have not lost their individuality, and can be severed without material injury to the real estate, a reservation of title to said property by the seller is made void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the contract of sale, or a copy thereof, together with a statement signed by the seller briefly describing the realty, and stating that the goods are or are to be affixed thereto, is filed in the office where a deed of the real property would be recorded or registered to affect such realty. (3) When the goods are severable without material injury to the premises, reservation of title is made void as against the owner of the real estate unless the same procedure is followed as is specified in the second situation above mentioned. This provision was intended to cover a situation where a contractor improves the property of the owner and annexes to the real property goods

bought on a conditional sale. It will be seen that a clear distinction is made between articles which have been so affixed to the realty that they cannot be removed without injury to the freehold, and those which have been so annexed that they become a part of the structure, but nevertheless can readily be severed without substantial injury to the building.

Concededly, the first and third situations mentioned in section 67 do not exist here. It is apparent, however, that the conditions which exist in relation to the plant in question fall squarely within the second provision of this section, and, therefore, the requirements of that part of the act are controlling here. The plant in question was installed to light the hotel and in such a manner that it really became a part of the building; nevertheless it could be detached and leave no trace of its removal above the cellar, and do no damage to the structure.

The failure of the plaintiff, therefore, to file the contract, or a copy thereof, together with a statement signed by the plaintiff briefly describing the realty and stating that the goods were or were to be affixed thereto, in the county clerk's office of Herkimer county, as required by section 67 of the Personal Property Law, makes the reservation of title to the property void as against the defendant who was a subsequent purchaser of the realty for value, he having no notice whatever of plaintiff's title, and defeats his recovery here.

Plaintiff urges that notwithstanding the affixation of this plant to the hotel property, it still retains its character as personal property, and must be treated as such, and not as a fixture. Therefore, plaintiff says that the provisions of section 67, above referred to, do not apply here.

The plaintiff and Jerewicz were at liberty to make an agreement between themselves that the plant in question should retain its character as personal property notwithstanding the fact that it was attached to the realty. As a general rule, intent will control in determining the nature of a chattel affixed to realty, and if such intent, as evidenced by a contract, shows that it was the purpose of the parties that the property was to remain personalty and not become a part of the real estate, although annexed thereto, as between the buyer and seller, the articles sold will retain their character as personal property, unless they cannot be removed without destroying the realty or are essential to the support of that to which they are attached. (*DeBevoise* v. *Maple Ave. Const. Co.*, 228 N. Y. 496; *Davis* v. *Bliss*, 187 id. 77; *Tifft* v. *Horton*, 53 id. 377; *Duntz* v. *Granger Brewing Co.*, 41 Misc. 177; affd., on opinion at Special Term, 96 App. Div. 631; affd., 184 N. Y. 595.)

Such an agreement, however, is not binding as against a *bona fide* purchaser of the realty to which the goods are attached, without notice of the original contract of sale. (*Kirk* v. *Crystal*, 118 App. Div. 32; affd., 193 N. Y. 622; *Otis Elevator Co.* v. *Rochester Friendly Home*, 103 Misc. 76.)

Especially is that true in the light of the mandatory requirements of section 67 of the Personal Property Law above referred to. The framers of the Uniform Conditional Sales Act desired to protect innocent purchasers of realty, and prevent, so far as possible, their being misled by the purchaser's apparent ownership of fixtures, and at the same time give to the seller an opportunity to protect himself against purchasers of the real estate, in event the chattels could be severed from the realty without material injury to the latter, by making a record of the terms upon which the chattels were sold in the same office in which the deeds to the real property are recorded, and where it would be easy for a prospective buyer or mortgagee to search for conditional sale contracts.

The cases cited by the plaintiff are not controlling here. They arose before the adoption of the Uniform Conditional Sales Act, and before the requirement specified in section 67 was necessary to protect the seller.

Judgment for the defendant, with costs.