Andrew Dryja, Respondent, *v.* Jozef Twarozynski and Others, Defendants, Impleaded with Wilson & Mergler, Inc., Appellant.

Fourth Department, November 10, 1933.

*Halpern & Friedman,* for the appellant.

*Myron M. Ludlow, Jr.,* for the respondent.

Sears, P. J. The appellant, defendant, is a contractor who installed under a contract with defendant Jozef Twarozynski a heating plant in a dwelling house owned by the defendants Jozef Twarozynski and Walerya Twarozynski as tenants by the entirety. The heating plant was sold by the appellant, defendant, to defendant Jozef under a conditional sale contract which, however, was not filed in the county clerk's office as required by section 67 of the Personal Property Law. The plaintiff in this action is seeking to foreclose a mortgage made by the defendants Twarozynski long before the purchase and installation of the heating plant. The plaintiff contends that the defendant Walerya, as well as her husband, was a buyer of the heating plant, but we are now determining the case upon the assumption that the defendant Walerya was not a buyer and did not assent to the reservation of title in the appellant, defendant. We assume, too, that the heating plant was so affixed to the realty as to become a part thereof under the provisions of section 67 of the Personal Property Law.

The question then arises under the last sentence of section 67 whether Walerya's title is free from the lien of the conditional sales contract or is subject thereto, for if it is free from such lien, the plaintiff would seem to be in position to claim as mortgagee under defendant Walerya's mortgage that his mortgage is also superior

to the sales contract (at least in part). The last sentence of section 67 of the Personal Property Law is as follows: "As against the owner of realty *who is not the buyer of the goods* the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty *and containing the name of the owner thereof* and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty." A literal application of the quoted language would make it applicable to the situation before us. But after giving consideration to the comment of the Commissioners on Uniform Legislation (2 Uniform Laws Annotated, 13), from whose draft of a Conditional Sales Act this sentence was taken, and also considering comments in 13 Cornell Law Quarterly, 436, and the opinion in *Kohler Co., Inc.*, v. *Brasun* (128 Misc. 507; revd., 222 App. Div. 338; revd., 249 N. Y. 224); and considering the quoted sentence as only a part of the entire section, we reach the conclusion that the quoted sentence was intended primarily to protect an owner whose contractor purchases and affixes to the owner's realty personal property bought by the contractor under a contract with reservation of title to the seller. In such case the owner needs protection in making payments to the contractor. We see no need of protecting a non-assenting joint tenant, tenant in common or tenant by the entirety against the conditional vendor. We conclude that the statute should be confined in application to situations where the need of protection of the owner is clear. Such construction results in our holding the provision inapplicable here.

The judgment should be modified on the law so as to strike therefrom the provisions affecting the defendant, appellant, and inserting in place thereof provisions in accordance with appellant, defendant's demand for judgment in its answer and as modified should be affirmed with costs to the appellant, defendant, in this court and at the Special Term.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and CROSBY, JJ.

On reargument judgment modified on the law so as to strike therefrom provisions affecting the appellant and inserting in place thereof provisions in accordance with the appellant's demand for relief in its answer, and as so modified affirmed, with costs to the appellant in this court and at the Special Term.