PARAGON PLUMBING SUPPLY CORPORATION, Plaintiff, *v.* UMANSKY PLUMBING & HEATING CO., INC., and Another, Defendants.

Supreme Court, Special Term, Queens County, December 23, 1938.

*Israel Ben Scheiber*, for the plaintiff.

*Charles Diringer*, for the defendants.

NOVA, J.   Motion to dismiss complaint as against the defendant Rero Builders, Inc., on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action against said defendant Rero Builders, Inc.

The action is to replevy certain plumbing and heating materials.

Plaintiff is the alleged conditional vendor of said goods and sues the vendee, Umansky Plumbing & Heating Co., Inc., and the

owner of the premises wherein the goods were affixed, namely, the codefendant Rero Builders, Inc.

The complaint alleges the contract between plaintiff and defendant Umansky Plumbing & Heating Co., Inc., and the reservation of title in the goods until payment of the purchase price. Then follows the fact of delivery and installation of said goods in and to the premises of codefendant Rero Builders, Inc., and subsequent default in payment of balance in the sum of $1,550.40, out of total purchase price of $2,036.05, and a demand for the return of the goods. The prayer for relief asks that plaintiff be adjudged to have good and valid title to the goods and be permitted to remove same from premises of Rero Builders, Inc.

Plaintiff alleges " due " filing of the conditional sales contract in the register's office. The complaint also alleges full knowledge on the part of Rero Builders, Inc., of the agreement of conditional sale between the plaintiff and the defendant Umansky Plumbing & Heating Co., Inc., and further alleges the acquiescence and assent thereto by the said Rero Builders, Inc.

The defendant Rero Builders, Inc., contends that since it did not purchase the goods from the plaintiff and was not a party to the alleged conditional sales agreement, any attempted reservation of title by the conditional vendor is void as against the owner of the premises, though the goods be severable without material injury to the freehold, unless the requirements of section 67 of the Personal Property Law are met.

Section 67 of the Personal Property Law reads as follows: " If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed as against any person who has not expressly assented to the reservation. If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and containing the name of the owner thereof and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty. As against the owner of realty

who is not the buyer of the goods the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof but to be severable without material injury to the freehold, unless the conditional sales contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and containing the name of the owner thereof and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty."

The movant relies upon the third sentence of said section 67 of the Personal Property Law and, therefore, claims that there must be more than " due " filing; that there must be a filing prior to the annexation of the goods to the freehold; the statement required by section 67 must be filed with the contract, and, further, the filing must be prior to the time the goods were affixed; that the complaint is defective in that it does not set forth the time of annexation of the fixtures to the freehold, nor the date of filing the alleged conditional sales contract.

The goods were affixed to the realty before the filing of the alleged conditional sales contract.

The purpose and effect of section 67 of the Personal Property Law is, *first*, to protect the conditional vendor in his property rights, and, *second*, it is to protect the owner of the realty in his property rights, where there is uncertainty as to the type of property attached as being realty or personalty. ( *Kohler Co.* v. *Brasun*, 249 N. Y. 224.)

The allegations in the complaint, of knowledge and assent of and to the agreement of conditional sale between the plaintiff and Umansky Plumbing & Heating Co., Inc., on the part of the owner of the realty, served to put the said owner on notice as to his rights in the property to be affixed to the realty.

The fair intendment of the last sentence of section 67 is to call for notice to the owner of the realty only as a substitute for actual knowledge. This, plus assent, the complaint alleges.

The section must be construed as a whole. A single sentence should not be picked for separate construction. Its strictest requirements refer to a situation where goods are affixed to realty in such a manner as not to be severable without material injury. Under these circumstances, the express assent of the owner is required.

Here, the goods were so affixed as to be severable, according to the complaint. Therefore, knowledge and assent should be sufficient.

The first sentence of section 67 of the Personal Property Law relates to the third sentence thereof, and conversely the third to the first, because the said first sentence takes out that portion of the goods which is severable from the realty, and as to that portion express assent to the reservation is sufficient.

The statute should be confined, in application, to situations where the need of protection of the owner is clear. (*Dryja* v. *Twarozynski*, 239 App. Div. 509.)

The motion to dismiss is denied.