JOHN B. M. STEPHENS, as Receiver of the Property of FRANK ALDRICH and CHARLES W. PERRINE, Respondent, *v.* MARY J. PERRINE, FRANK ALDRICH and CHARLES W. PERRINE, Appellants.

*General creditors defeated by a sale of property under a chattel mortgage void for nonfiling — receiver in supplementary proceedings — maintenance of an action by him to annul a chattel mortgage made by his judgment debtor.*

Creditors, in order to take advantage of a chattel mortgage given by their debtor to a third party and void by reason of its not having been filed, must first acquire a lien upon the mortgaged property by virtue of a levy or other legal process, and that must be done before the mortgagor has disposed of his interest in the property or the mortgagee has reduced the property to possession and sold it to satisfy his claim.

A receiver appointed in supplementary proceedings cannot maintain an action to have a chattel mortgage given by the judgment debtor adjudged to be fraudulent and void as against the claims represented by the receiver, and to compel the mortgagee to account for the property sold by him by virtue of the mortgage, when the mortgage, although originally void as to third parties by reason of its not having been filed within a reasonable time after its execution, was filed and the property covered by it reduced to possession and sold by the mortgagee to satisfy his claim before the judgment creditors represented by the receiver recovered their judgments, and where the mortgage, as matter of fact, was not given with intent to defraud creditors.

APPEAL by the defendants, Mary J. Perrine, Frank Aldrich and Charles W. Perrine, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Monroe county on the 31st day of December, 1892, upon the report of a referee.

*William B. Hale*, for the appellants.

*Albert H. Harris*, for the respondent.

HAIGHT, J.:

This action was brought to adjudge a chattel mortgage fraudulent and void as against the claims which the receiver represents, and to procure a judgment directing the defendant Mary J. Perrine, to account for the value of the property sold by her by virtue of the mortgage.

The defendants Frank Aldrich and Charles W. Perrine were copartners engaged in business at the city of Rochester; on the 24th

day of February, 1892, they borrowed from the defendant Mary J. Perrine, $2,250, and on the next day, to secure such loan, executed and delivered to her a chattel mortgage upon certain personal property belonging to them. On the 30th day of March, 1892, she caused the mortgage to be filed in the office of the clerk of Monroe county and on the same day took possession of the property, advertised and subsequently sold it. On the 4th day of April, 1892, Bradley Redfield and another recovered a judgment against the defendants Aldrich and Perrine, and on the nineteenth day of April thereafter an order was made by the county judge of that county in proceedings supplementary to execution had upon the judgment, appointing the plaintiff receiver of the property of the defendants Aldrich and Perrine.

The referee has found as facts "that said chattel mortgage was made by said defendants Frank Aldrich and Charles W. Perrine, without any intent on their part to hinder, delay or defraud any of the creditors of said firm; that said chattel mortgage was received by said defendant Mary J. Perrine, to secure a valid indebtedness and without intent on her part to hinder, delay or defraud any of the creditors of said firm." And as conclusions of law, that the chattel mortgage is void as against the plaintiff and judgment creditors whom he represents, and that the plaintiff is entitled to judgment against the defendant Mary J. Perrine, for the sum of $1,017.43, with interest, costs, etc. Exceptions were taken to these conclusions of law which present the questions brought up for our review.

It is contended on behalf of the respondent that the judgment can be sustained upon the authority *Thompson* v. *Van Vechten* (27 N. Y. 568); *Vreeland* v. *Pratt* (42 N. Y. St. Repr. 582); *Karst* v. *Gane* (61 Hun, 533), whilst on behalf of the appellants it is claimed that the receiver in supplementary proceedings cannot maintain the action.

Does a cause of action exist under the facts as found? The cases upon which the respondent relies do not sustain his right to recover; they merely hold that a chattel mortgage not filed, of a chattel not delivered, is void as to a creditor at large, and that the term creditor used in the statute includes any person whose debt accrued either before or after the chattel mortgage was given, but before it was

filed. One case, that of *Kurst* v. *Gane*, has recently been affirmed in the Court of Appeals (49 N. Y. St. Repr. 740), and we must consequently consider that question settled. But a very different question is here presented. In this case the mortgage was given in good faith, and was free from the taint of fraud. The mortgagee filed the mortgage, reduced the property to possession and sold it by public sale before the recovery of the judgment under which the plaintiff was appointed receiver. Under the statute the mortgage was void as to creditors for the reason that it was not filed within a reasonable time after it was given. Their position in reference to the property was the same as if no mortgage had been given. It was subject to the levy of an execution or other legal process. But whilst the mortgage was void as to creditors, it was valid as to the mortgagors. Before the lien of the creditors attached they had the right to sell the property, subject of course to the lien of the mortgagee, or to dispose of the property in payment of the mortgage debt. They could even sell it to the mortgagee for a fair price in payment of her claim, thus dispossessing themselves of any interest in the property, or right of redemption; it would be but the preferring of the claim of one of their creditors and the others would have no cause of complaint. It would be the same as if there had been no mortgage and the defendants Aldrich and Perrine had seen fit to sell the property to the defendant Mary in payment of her claim. This they unquestionably had the right to do. Hence, it follows, that creditors, in order to take advantage of a void mortgage by reason of its not having been filed, must first acquire a lien upon the property by virtue of a levy, or other legal process, and that must be done before the mortgagor has disposed of his interest therein or before the mortgagee has reduced the property to possession and sold it to satisfy his claim.

In the case of *Thompson* v. *Van Vechten* (*supra*), DENIO, Ch. J., in delivering the opinion of the court says : " It is true, the mortgage cannot be legally questioned until the creditor clothes himself with a judgment and execution, or with some legal process against his property ; for creditors cannot interfere with the property of their debtor without process." In the case of *Jones* v. *Graham* (77 N. Y. 628), it was held that one not having a judgment and execution is not such a creditor as can take advantage of an omission

to file a chattel mortgage. To the same effect is *Button* v. *Rath-bone, Sard & Co.* (126 N. Y. 187); *Bullard* v. *Kenyon* (21 N. Y. Supp. 32); *Field* v. *Baker* (12 Blatchf. 438, 443); *Lane* v. *Lutz* (3 Abb. Ct. App. Dec. 19–26).

Jones on Chattel Mortgages, at section 243, says: " Possession taken under a mortgage, or a record of it made shortly before the insolvency or bankruptcy of the mortgagor, is sufficient to protect a mortgagee." And again he says: " The mortgage is valid between the parties without either record or possession, if it be made at a time when the law imposes no restriction upon the dealings of the parties with reference to creating a preference, although the mortgagee delays to record it, or to take possession under it, until a short time before the mortgagor's insolvency, when the law would prohibit the making of the mortgage as a preference; yet the mortgage may then be made effectual by the mortgagee's recording it, or taking possession under it, because he only asserts and makes secure a right which he had previously acquired." And again at section 245 he says: " As against general creditors, having no lien by attachment, an unrecorded mortgage is valid and conclusive, unless it can be impeached as fraudulent, or as giving a preference under a bankrupt or insolvent law. But in New York it is held that a mortgage not duly filed is void as against a general creditor whose claim has accrued during the continuation of the default in filing the mortgage, although the creditor is not in a position to raise the question until he has obtained judgment or process against the property. The object of the act is to prevent the setting up of secret mortgages against persons who may deal with the mortgagor, on the faith that his property is not thus incumbered." In the case of *Hale* v. *Sweet* (40 N. Y. 97–103), it is said by JAMES, J., in his dissenting opinion that " as between mortgagor and mortgagee, the instrument was a valid and binding security, notwithstanding the omission to file. A breach of its conditions entitled the mortgagee to take possession of the property mortgaged, and, if he did so before any lien of a creditor of the mortgagor attached, such possession would hold the property." That case was disposed of upon other grounds, but the prevailing opinion does not question the soundness of the proposition quoted. In *Powell* v. *Preston* (1 Hun, 513) it was held that after a conditional sale of goods, under which the title was to

remain in the vendor until certain moneys should be paid by the vendee, the sheriff will not be protected in levying upon the goods under an execution against the vendee, when before such levy the vendor had taken possession of the goods, and in that action brought by the vendor against the sheriff for taking and selling the goods, it was held that in the absence of fraud he was entitled to recover their fair value. In the case of *Tremaine* v. *Mortimer* (128 N. Y. 1), Sewell had executed a chattel mortgage to one Chase, the mortgage was filed, but it was not refiled until about six months after the expiration of the year, and subsequently the mortgagee took possession of the property, default having been made in the conditions thereof. The day following Sewell made a general assignment for the benefit of creditors. Subsequently the property was levied upon and sold by virtue of executions issued upon judgments that had been recovered against Sewell. In an action by the purchaser under such sale for a conversion of the property, it was held that he acquired no title to the property under the sale on the executions and the complaint was dismissed. Earl, J., in delivering the opinion of the court says : " While the mortgage in the case mentioned in the act is valid as between the parties thereto, it is void as to the creditors of the mortgagor. But the act confers no title to the property upon the creditors, and by virtue of the act they take no interest in it. The mortgage is not to be treated as made for their benefit, and the mortgagee does not hold the property in trust for them. The effect of the statute is simply that, in the case mentioned, as between the creditors and the mortgagor, the mortgage has no force or operation whatever, and the case is to be treated as if the mortgage had never existed. While the mortgage is void as to creditors, they cannot touch the property until they come with an execution. As between the mortgagor and creditors, if the latter can claim that the mortgage had no existence, so also can the former make the same claim. They cannot at the same time assert its invalidity and validity. They cannot seize the property as belonging to the mortgagor, and at the same time deny that he has any title to the property. They must constantly stand upon the position that the mortgage is a nullity. As between them and the mortgagor, both parties have the right to act as if the mortgage had never existed, and before the creditors obtain a lien on the property

by virtue of their executions, the mortgagor may deal with the same in any honest way. He may sell it and convey an absolute title, subject to any rights the mortgagee has ; or he can deliver the property to the mortgagee in payment of the debt secured by the mortgage."

In *Wheeler* v. *Lawson* (103 N. Y. 40), Shoemaker executed a chattel mortgage to the plaintiff's assignor. The mortgage was not filed. He subsequently made a general assignment for the benefit of creditors. The assignee, with the consent of Shoemaker, surrendered the property to the plaintiff as assignee of the mortgage, from whom it was taken by the sheriff upon an execution issued upon a judgment against Shoemaker, rendered after the property came into the possession of the plaintiff. It was held that the invalidity of the mortgage by reason of its not having been filed did not justify the taking of the property upon the execution.

In *Kitchen* v. *Lowery* (127 N. Y. 53), it was held that a creditor can only avail himself of the omission to file a chattel mortgage when he has a judgment, and proceeds under it to obtain a lien upon the mortgaged property by levy, or otherwise, and that this must be done before the mortgagee has reduced the property to possession and sold it. In *Karst* v. *Gane* (49 N. Y. St. Repr. 740–744), ANDREWS, Ch. J., in delivering the opinion of the court, after speaking of the failure to file the mortgage for six weeks, says : " The simple contract creditor runs the risk of having his remedy to assail the mortgage defeated by a *bona fide* transfer of the property by the mortgagor to the mortgagee in payment of the mortgage before he has obtained judgment and execution, or any lien on the property."

The question thus appears to be settled beyond controversy. As we have seen, the mortgagee had reduced the mortgaged property to possession, sold it, and applied the proceeds upon her claim before any judgment was obtained or lien perfected against the property ; and under the cases to which we have referred she cannot now be made to account for the proceeds of the sale.

Whether a receiver appointed in supplementary proceedings could maintain an action of this character under a different state of facts it is not necessary to now determine. If the mortgaged property was still in the possession of the mortgagor, where it could be reached upon execution, no action would be necessary.

Upon the appointment and qualification of a receiver he becomes vested with the property of the judgment debtor. If, before such appointment, the mortgagee has seized the property upon his mortgage and sold it, he, by that act, divested the mortgagor of all interest in the property or right of redemption, leaving nothing to pass to the receiver upon his appointment. In this case the title of none of the mortgaged property vested in the receiver. Under the statute he is authorized to disaffirm, treat as void and resist all acts done, transfers and agreements made in fraud of the rights of creditors. But the referee having found as a fact that the transaction in question was not fraudulent, we fail to see how the plaintiff can maintain this action.

The judgment should be reversed and a new trial ordered, costs to abide a final award of costs.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Judgment appealed from reversed and a new trial granted, costs to abide the final award of costs.