THE COMMERCIAL BANK of Rochester, Respondent, *v.* BURTON H. DAVY, as Sheriff of Monroe County, Appellant.

*Chattel mortgage, not refiled — valid as between the parties thereto — chattel mortgagee in possession — security for a note stands as security for renewal notes — chapter 279 of 1833, as amended by chapter 418 of 1879.*

The purpose of chapter 279 of the Laws of 1833, as amended by chapter 418 of the Laws of 1879, is to protect the creditors of a chattel mortgagor and subsequent purchasers or mortgagees in good faith of the mortgaged chattels ; and the failure to refile a chattel mortgage in no manner affects its validity as between the parties thereto.

Where a chattel mortgagee takes possession of the mortgaged property prior to the entry of a money judgment against the mortgagor, and the making of a levy upon the mortgaged property under an execution issued thereon, the mortgage is valid as to such creditor notwithstanding the failure to refile it.

A chattel mortgage given as collateral security for the payment of a note remains as security for the notes given in renewal of the original note.

APPEAL by the defendant, Burton H. Davy, as sheriff of Monroe county, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 28th day of December, 1893, upon the decision of that court.

*James S. Garlock,* for the appellant.

*John H. Hopkins,* for the respondent.

LEWIS, J. :

This action was originally brought in the Municipal Court of the city of Rochester for the conversion of personal property. A judgment having been rendered in that court in favor of the plaintiff, an appeal was taken to the County Court, where the action was

again tried and resulted in a judgment in favor of the plaintiff, from which this appeal was taken.

One William E. Weeks being indebted to the Commercial National Bank of Rochester in the sum of $521.91 for money theretofore loaned to him by the bank, for the purpose of obtaining an extension of the time of payment of said indebtedness, gave to said bank his promissory note, dated February 17, 1890, for said sum, payable November 18, 1890, and on the same day gave to the bank his chattel mortgage upon the property in question as collateral security for the payment of said note. The note was paid only in part, and Weeks gave his note for $348.58, that being the balance unpaid. This latter note was renewed from time to time until the 11th day of September, 1892, when Weeks gave to the bank his note for $380; $350.50 of this sum was part of the original indebtedness to the bank, which was secured by the note and chattel mortgage. The mortgage was duly filed on the 20th day of February, 1890. It was refiled on the 17th day of February, 1891. It was never thereafter refiled.

The plaintiff succeeded to all the property rights of the said Commercial Bank, becoming thereby the owner of said promissory note and the chattel mortgage, and on the 16th day of January, 1893, the note and mortgage being due and wholly unpaid, plaintiff took possession of the mortgaged property by virtue of the terms and conditions of the mortgage. On the 25th day of January, 1893, Mrs. Elizabeth Hawes recovered a judgment in the Supreme Court of the State of New York against Jennie M. Weeks for the sum of $2,516.13, and on the same day she caused to be issued to the defendant, as sheriff of Monroe county, an execution thereon, and the defendant, on the following day, but at a time subsequent to the time the plaintiff took possession of the said mortgaged property under its mortgage, levied upon and took the property from the plaintiff's possession, and sold the same at auction as the property of Mrs. Weeks.

It is the contention of the defendant that the property at the time of the levy belonged to the judgment debtor, Mrs. Weeks; that the bank mortgage being given to secure the payment of the original note of $521, it was not a continuing security for the notes given in

renewal thereof ; and further that the bank mortgage ceased to be a lien on the property as against the judgment, because of the failure to refile the same. It is provided by chapter 279 of the Laws of 1833, as amended by chapter 418 of the Laws of 1879, that every mortgage of goods and chattels " filed in pursuance of this act shall cease to be valid as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of each and every term, and one year after the filing of such mortgage, a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property thereby claimed by him by virtue thereof, shall be again filed in the office of the clerk." The statute was passed for the protection of the creditors of the mortgagor and subsequent purchasers or mortgagees of the property in good faith. The failure to refile in no manner affects the validity of a mortgage as between the parties thereto. Mrs. Hawes was neither a creditor of the mortgagor nor was she a subsequent mortgagee of the property. The defendant attempted to establish upon the trial that the mortgagor, William E. Weeks, had sold and transferred the property in question to his wife, Jennie M. Weeks, the judgment debtor, and that at the time of the levy and sale Mrs. Weeks owned the property, and that Mrs. Hawes, as her judgment creditor, became a purchaser of the property in good faith, within the meaning of the statute referred to. There are several sufficient reasons why the defense failed. It was established by undisputed evidence, and the trial court so found, that the plaintiff took possession of the property under its mortgage before said levy was made. It seems to be well established by authority that in such a case the mortgage is valid notwithstanding the failure to refile. We so held in the case of *Stephens* v. *Perrine* (69 Hun, 578; 24 N. Y. Supp. 21). The opinion of the court was by HAIGHT, J., who elaborately reviewed the authorities holding that doctrine.

Again, the judgment creditor was aware of the giving of the mortgage held by the plaintiff. At the time of its execution she was the owner of a prior chattel mortgage covering the same property, and by a proper indorsement upon the plaintiff's mortgage she consented that it should take precedence of her mortgage.

Again, the defendant failed to show that the judgment debtor, Mrs. Weeks, ever had title to the property in question. An effort was made upon the trial to prove that at some time, either in the year 1889 or 1890 — the time was left uncertain — Mr. Weeks, the mortgagor, gave a written bill of sale of the property in question to his wife for the consideration of $800. Without rehearsing the evidence, it is sufficient to say that it utterly failed to establish that any such sale was ever in fact made. The evidence by which it was sought to prove such sale was so contradictory, inconsistent and manifestly untrue that it failed to satisfy the mind of the trial court; and the court consequently found that Mrs. Weeks was never the owner of the property, but that it was the property of the estate of the mortgagor, Weeks, at the time it was taken by the plaintiff under the mortgage (the mortgagor, Weeks, died after the giving of the mortgage, and prior to the trial). The findings of the trial court are fully sustained by the evidence. The mortgage, we think, remained as security for the notes which were given in renewal of the original note.

It follows that the judgment appealed from should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court of Monroe county appealed from, affirmed.