KOHLER Co., INC., Respondent, v. WILLIAM BRASUN, Appellant.

(Argued October 8, 1928; decided November 20, 1928.)

*Warnick J. Kernan* for appellant. The plaintiff to recover back its chattel from this defendant should have complied with section 67 of the Personal Property Law, by filing its conditional sales contract or a copy thereof, together with a statement briefly describing the realty and stating that the plant was affixed thereto, in the county clerk's office of the county of Herkimer. (*Price* v. *Case,* 10 Conn. 375; *Hopewell Mills* v. *Taunton Savings Bank,* 150 Mass. 519; *Jenks* v. *Colwell,* 66 Mich. 420; *Beeman* v. *Douglas,* 1 App. Div. 169; *Tibbitts* v. *Horn,* 65 N. H. 243; *Powers* v. *Dennison,* 30 Vt. 752; *Hunt* v. *Bay State I. Co.,* 97 Mass. 279; *Haven* v. *Emery,* 33 N. H. 658; *Cross* v. *Marston,* 17 Vt. 540.) The defendant herein is a subsequent purchaser of the realty for value and without notice of the conditional seller's title. (*Wood* v. *Chapin,* 13 N. Y. 519; *Weaver* v. *Borden,* 49 N. Y. 291; *Ten Eyck* v. *Whitbeck,* 135 N. Y. 49; *Central Union Gas Co.* v. *Browning,* 210 N. Y. 10.)

*Fred J. O'Donnell* for respondent. The defendant, who purchased at a foreclosure sale, foreclosing a prior land contract, is not a " purchaser for value and without notice of the conditional seller's title." (*Central Union Gas Co.* v. *Browning,* 210 N. Y. 10; *McCloskey* v. *Henderson,* 231 N. Y. 130; *Craine Silo* v. *Alden State Bank,* 218 App. Div. 263; *Davis* v. *Bliss,* 187 N. Y. 77; *De-*

*Bevoise* v. *Maple Ave. Const. Co.*, 228 N. Y. 496.) Even though defendant were a subsequent purchaser for value without notice, the lighting plant was not affixed to the real property in such a manner as to become a part thereof in view of the manner of annexation and of the intention of the parties that it should remain personal property. (*East New York Electric* v. *Pelmaland Realty Co.*, 243 N. Y. 477.)

O'BRIEN, J. William R. Slaughter owned a small hotel in Herkimer county. He contracted to sell it to Tony Wieliezki, but the contract was assigned by Wieliezki to others and eventually to Joseph Jurewiez. While in possession, Jurewiez purchased a power and light plant from plaintiff upon a conditional sale contract. By its terms, the bill provided that title to this plant should not pass to the buyer or to others until full payment in cash should be made and that no matter in what manner the plant might be attached to the realty it should not become a fixture or part of real estate. The courts below have found that this plant was so affixed to the realty as to become a part of it but was easily severable without material injury to the freehold. Jurewiez defaulted in payments due for the light and power plant and also on his contract for the purchase of the real estate. Slaughter foreclosed on the land contract and defendant purchased the premises at the judgment sale. The sheriff's deed to him conveyed the real estate together with the personal property on the premises. Under that deed, defendant took not only Jurewiez's interest in the contract but also that of Slaughter the holder of the fee. The whole title in the realty passed to him. The purchaser of the real estate never had actual knowledge of the existence of the conditional sale contract for the light and power plant nor was that document ever filed in the county clerk's office. Plaintiff and defendant each claim title to this plant, one by virtue of the reservation in the

conditional bill of sale, the other by virtue of the conveyance by the sheriff.

The rights of the parties must be determined in accordance with the provisions of section 67 of the Personal Property Law (Cons. Laws, ch. 41), as added by chapter 642 of the Laws of 1922. The part of that section applicable to the facts found in this action is: " If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty." This section is designed for a double purpose. It protects buyers of real estate upon which some types of property are attached in such a manner as to render uncertain their character as realty or personalty. Equally, it operates as a protection to the conditional vendor of a fixture. A stove, a pump, a dynamo may be a chattel belonging to the owner of the realty or it may be so firmly fastened to the freehold as to constitute a part of it and yet, by reason of some agreement, may conditionally belong to its original owner. Such doubts respecting the character of this kind of property and its ownership can reasonably be entertained as may require prolonged litigation for their solution. The thing may be realty belonging to the vendor of the land or it may be personalty to which a reserved title may reside in a stranger. The statute informs the vendee of the land concerning his rights and duties. If he searches the office where land titles are recorded, he may find documents describing the fixture,

its conditional owner and the circumstances under which it happens to be attached to the realty. If no such documents have been placed on file, the statute assures him that he may confidently purchase the fixture either as part of the realty or as a chattel belonging to the vendor of the realty. If the seller of this personal property files a copy of the conditional bill of sale and the brief statement as directed by the statute, his rights, likewise, are fully guarded. Section 67 provides a fair method for protection to all.

The facts found by the trial court and affirmed by the Appellate Division bring this case within the operation of section 67. The goods were affixed to the realty so as to become a part of it but were severable without material injury to the freehold; defendant purchased the realty for value and without notice of the conditional seller's title; neither was the conditional sale contract or a copy nor a statement describing the realty filed in the office where deeds of realty would be recorded. Not a single element of fact is lacking to satisfy the statute and thus to render void the reservation of title in the conditional bill of sale. The evident intent as between the buyer and the seller of the chattel that it should retain its character as personalty cannot foreclose the third party who purchased without actual knowledge and without that constructive notice for which the statute provides. The principle of such decisions as *Davis* v. *Bliss* (187 N. Y. 77) and *Central Union Gas Co.* v. *Browning* (210 N. Y. 10), invoked by respondent, do not affect our interpretation of the statute as it now exists. Those and similar decisions were rendered prior to the enactment of section 67.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment accordingly.