This matter is before the court on the petition of the receiver appointed herein for confirmation of the sale by him of a thirty-two-family brick apartment house known as No. 101 Mt. Vernon street, Ridgefield Park, New Jersey, for $96,500 free and clear of all liens and encumbrances except a mortgage for $8,000 held by Charles Enders, Jr., and Amelia Enders, his wife, and municipal liens. The order for sale provides that the moneys realized be subject to the same liens and equities of all parties in interest as was the *Page 472 
property before the sale. Objection to confirmation was made by counsel representing parties who sold to Regna Construction Company, the insolvent corporation for which the receiver was appointed, refrigerators, kitchenettes, gas ranges, and lighting fixtures, under conditional sale contracts wherein the seller's reserved title to the goods until the purchase price was paid therefor. The gist of the objection is that such conditional sale vendors cannot be divested of their reserved title to the goods which they furnished to the Regna Construction Company, and title thereto be vested in the purchaser from the receiver. A contract of Domestic Electric Company, Incorporated, for refrigerators, bears date October 28th, 1927, but was not filed until September 28th, 1928. The goods were affixed to the realty May 12th, 1928. A contract of Wasmuth-Endicott Company, for kitchenettes, bears date November 9th, 1927, and was filed November 14th, 1927. The goods were affixed to the realty in March, 1928. The filed contract, referring to the goods furnished thereunder, recites — "Shipped to Regna Construction Company, Mt. Vernon street, Ridgefield Park, N.J." Though such recital does not, in my judgment, comply with the statutory requisite of "briefly describing the realty," the non-compliance is inconsequential in the matter sub judice. A contract of J. Rose Company, for gas ranges, bears date December 23d 1927. The goods were delivered to the apartment house April 4th, 1928, and while it does not appear when they were affixed to the realty, the fact is they are affixed thereto. An instrument purporting to be a copy of such contract was filed March 22d 1928. The contract describes the goods as — "Twenty-six (26) ranges as had No. 822." The instrument filed reads: "26 Nos. 822 A.B. gas ranges." Although the instrument filed is not a true copy of the contract, I regard the variance as unsubstantial. The Uniform Conditional Sales act (P.L. 1919 p. 461) does not require or lay down any particular manner in which the chattel is to be described. Huber v.Cloud, 102 N.J. Law 181. A contract of Joseph Neidorff and Samuel Milnis, partners, trading as Liberty Lighting Fixture Company, for lighting fixtures, bears date March 6th, 1928, *Page 473 
and was filed March 30th, 1928. The goods were affixed to the realty in April, 1928. The filed contract reads in part:
"The seller may at their election regard the property as sold unconditionally and file a mechanics' lien, or pursue any other remedy for the collection of the within consideration."
The receiver claims said vendors should be regarded as having elected to treat the transaction as an unconditional sale. I do not find anything in the proofs to warrant such claim. Screens were furnished to the Regna Construction Company, and affixed to the realty so as to become part thereof, but severable without material injury to the freehold, under a conditional sale contract reserving to the vendor title thereto until the purchase price was paid therefor. While said vendor has not made objection to the confirmation of the sale of the realty to which, as aforesaid, his goods are affixed, his rights must nevertheless be observed. It was conceded by counsel for the vendors and for the receiver, and I find the fact to be, that the goods which were the subject-matter of the conditional sale contracts were affixed to the realty so as to become part thereof, but severable without material injury to the freehold. Counsel conceded also that the claims of the vendors are based upon section 7 of the Uniform Conditional Sales act, supra, which for the purpose of clarity and convenience is hereinafter set forth in three parts:
If the goods are so affixed to realty, at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation.
If the goods are so affixed to realty, at the time of a conditional sale or subsequently as to become a part thereof, but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless *Page 474 
the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty.
As against the owner of realty the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof, but to be severable without material injury to the freehold, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are to be affixed thereto, shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty.
The aforesaid act alters the fixture rule — established as a general rule of law prior to its enactment, wherein the intent of the parties to a conditional sale contract was regarded as the paramount test as to whether chattels affixed to realty so as to become part thereof should remain personalty or not. InHarrington's Sons Co. v. Jersey City, 78 N.J. Law 610, it is said that when the legislature frames a new and general rule covering an entire subject-matter, all earlier and different rules touching the same matter are to be discarded in favor of such later rule. In General Motors Acceptance Corp. v. Smith,101 N.J. Law 154, the court, referring to the Uniform Conditional Sales act, supra, said: "This act stands by itself."
The first part of section 7 of the aforesaid act is inapplicable to the matter sub judice because it applies to a case in which goods conditionally sold are not severable from the realty to which affixed, without material injury to the freehold. Under part two, if the seller's goods are severable without material injury to the freehold, the reservation of title is void after the goods are so affixed only as againstsubsequent purchasers of the realty * * * unless the contract, or a copy thereof, * * * shall be filed before such purchase * * *. Under *Page 475 
part three, the seller's reservation of title to goods is voidonly as against the "owner" of the realty * * * unless the contract, or a copy thereof, * * * shall be filed before the goods are affixed * * *.
In the case sub judice the vendors' goods were conditionally sold directly to the Regna Construction Company, the owner of the realty.
The receiver is not vested with title to the goods which are the subject-matter of the contracts aforesaid, as against the vendors, even though in one or more instances the vendors have not strictly complied with the requirements of section 7 aforesaid. He holds the property coming into his possession by the same right and title as the Regna Construction Company. Said company not having acquired title to the goods could not resist the claims of the vendors, and consequently the receiver cannot do so. The receiver claims he should be regarded as the "owner" of the realty within the purview of the third part of section 7 of the aforesaid act, and relies upon section 68 of the General Corporation act (Revision of 1896) which provides: "All the real and personal property of an insolvent corporation, wheresoever situated, and all its franchises, rights, privileges and effects shall, upon the appointment of a receiver, forthwith vest in him, and the corporation shall be divested of the title thereto." He refers also to Freeholders of Middlesex County v. State Bankat New Brunswick, 29 N.J. Eq. 268; affirmed, 30 N.J. Eq. 311,
wherein it was held that on the appointment of a receiver of an insolvent corporation title to its property is divested by force of law, and such divestiture is perfect and absolute. I regard the statutory provision and cited case aforesaid as inapplicable to the matter sub judice, and the receiver's claim untenable as against the vendors. The third part of section 7 of the Uniform Conditional Sales act, supra, ostensibly was intended to apply to the case of a sale of goods to a contractor to be affixed to real property owned by a person other than such contractor. The commissioners who framed said act, referring to the third part of section 7, said: "A separate sentence has also been inserted to cover the peculiar case of *Page 476 
the sale of goods to a contractor to be affixed by him to the real property of another, in other words, the case of the validity of the conditional sale of a fixture as against the "owner of the realty." See Uniform Laws Annotated, 2 U.L.A. 13, and 2a U.L.A. 106 § 70. See, also, Kohler v. Brasun,249 N.Y. 224; 164 N.E. Rep. 31, wherein the New York court of appeals considered the third sentence of section 67 of the New York Personal Property law, which is substantially the same as the third part of section 7 of our Uniform Conditional Sales act,supra.
The Consolidated Securities Corporation, as mortgagee, claims to be a subsequent purchaser of the aforesaid realty for value and without notice of the reserved title of the vendors to the goods conditionally sold, and that its mortgages are a lien upon the vendors' said goods, as part of the realty. One of the mortgages of said corporation ($30,000) is dated September 30th, 1927, and was recorded October 1st, 1927. The other ($20,000) is dated November 29th, 1927, and was recorded November 30th, 1927. The Regna Construction Company executed a purchase-money mortgage for $9,500 to Harry C. Leidinger, dated August 31st, 1927, recorded on the same date. Said mortgage was postponed to the lien of the aforesaid mortgages of Consolidated Securities Corporation. "Purchaser," as defined in section 1 of our Uniform Conditional Sales act, supra, includes mortgagee. Said mortgagee is not a subsequent purchaser of the realty of the Regna Construction Company as against the reserved title of the above named vendors to the goods which are the subject-matter of the conditional sale contracts affixed to the realty so as to become part thereof but severable without material injury to the freehold. It appears that judgments based on mechanics' lien claims and otherwise, mechanics' lien claims for work done upon and materials furnished to the realty aforesaid, and general claims for a considerable sum of money owing by the Regna Construction Company, remain unsatisfied. Whatever rights and priorities may be claimed therefor, they are subordinate to the liens of the mortgagees aforesaid, and to the rights of the above named conditional sale vendors *Page 477 
in and to the goods which are the subject-matter of the sale contracts.
If the sale's price aforesaid ($96,500) is sufficient to meet the administration expenses herein, moneys due to the aforesaid conditional sale vendors, and satisfy the aforesaid mortgages of Consolidated Securities Corporation and Harry C. Leidinger, I will advise an order confirming the receiver's sale; otherwise I will direct a resale of the property unless the purchasers are willing to make payment, in addition to their bid of $96,500, of the purchase price of the goods conditionally sold, as aforesaid, upon the vendors joining with the receiver in transferring to the purchasers title thereto.