MODERN SECURITY COMPANY OF PHILADELPHIA, Plaintiff, Appellant, *v.* EMALINE THWAITES, Defendant.
HARLEM MORTGAGE CORPORATION and ALFRED W. LEVI, Defendants, Respondents.*

Supreme Court, Appellate Term, First Department, December 5, 1930.

*Miller & Miller* [*David M. Palley* of counsel], for the appellant.

*Kreutzer & Slack* [*Arthur A. Beaudry* of counsel], for the respondents.

*Foster & Cutler* [*A. S. Cutler* of counsel], appearing herein as *amici curiæ.*

LEVY, J. On August 22, 1928, the plaintiff's assignor entered into an agreement with the defendant Thwaites to deliver and install a heating system in premises owned by the latter. It was expressly provided that title was to remain in the plaintiff's assignor until the purchase price had been paid in full, and the agreement

---

* Revg. 137 Misc. 485.

was duly recorded pursuant to section 67 of the Personal Property Law.

At the time the system was installed, the defendant Harlem Mortgage Corporation held a purchase-money mortgage upon the realty, executed during the year 1927. This mortgage was later assigned to defendant Levi as security for a loan, and was subsequently foreclosed in an action brought by the Harlem Mortgage Corporation and Levi. The foreclosure sale resulted in a deficiency judgment in excess of the value of the heating system, the property being bid in by the plaintiffs in the foreclosure action.

In September, 1929, shortly after the commencement of the foreclosure action, the present plaintiff instituted this action in replevin to recover possession of the heating system, Thwaites having failed to make the payments required by the agreement of conditional sale. At the same time, the plaintiff had the system removed under a writ of replevin. The defendants Harlem Mortgage Corporation and Levi claimed that the system was affixed to the realty in such a manner as not to be severable without material injury to the freehold; that they never knew of or assented to the reservation of title in plaintiff's assignor; that said reservation of title was, therefore, void; and that the system became part of the security for their mortgage. Accordingly, they maintain that plaintiff's replevin action must fail.

The 1st sentence of section 67 of the Personal Property Law (as added by Laws of 1922, chap. 642; since amd. by Laws of 1930, chap. 874) provides that "If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed as against any person who has not expressly assented to the the reservation."

The 2d sentence of the same section relates to goods which, though "so affixed to realty at the time of a conditional sale or subsequently as to be become part thereof," are nevertheless "severable without material injury to the freehold," and provides, as to such goods, that the reservation of title shall be perfectly valid if the conditional sale contract is duly and properly recorded.

In addition to the two methods of annexation respectively referred to in these provisions of section 67, there is a third which is not mentioned in that section. A typical case of the third method is to be found in the installation of gas ranges. They are connected by coupling them to gas pipes and flues in the given building, and may be detached in so simple a manner that they

are deemed personalty for all purposes, regardless of whether any intention to treat them as personalty is evidenced by a conditional sale agreement, or otherwise. Hence, a subsequent mortgagee of *realty* acquires no title to gas ranges belonging to one who has failed to file a conditional sale contract (*Madfes* v. *Beverly Development Corporation*, 251 N. Y. 12) although the situation would be different where the subject-matter of the mortgage also included personalty. (*Cohen* v. *1165 Fulton Ave. Corp.*, 251 N. Y. 24.) Chattels affixed to the realty according to this (the third) method are so obviously personalty that section 67 has no application to them whatsoever; they are governed by section 65 of the Personal Property Law. (*Cohen* v. *1165 Fulton Ave. Corp.*, *supra; Alf Holding Corp.* v. *American Stove Co.*, 253 N. Y. 450.)

It is clear that the last method of annexation has no application to the heating system which is the subject of the present controversy. . The question to be determined is whether it was attached to the realty in such a manner as not to be severable without material injury to the freehold or whether, on the other hand, it may be detached without material injury.

The trial court found that the boiler was manufactured in sections; that upon the occasion of its removal pursuant to the writ of replevin it was taken out in sections without damage to itself or the premises; that the mains were suspended by means of collars screwed to the ceiling of the cellar; and that risers mounted from the mains to the radiators on the various floors, and passed through holes cut in the floors for that purpose. The court also found that the removal of the risers left a considerable number of these holes. On the basis of these findings, it concluded that the system could not be removed without material injury to the freehold and that the reservation of title in plaintiff's assignor was, therefore, void.

We are of the opinion that the heating system could be removed without material injury to the freehold. The fact that holes were left, in our view, is insufficient, *in itself*, to compel a contrary conclusion. The system did not contribute to the support of the building. It was not intended to form part of its inner surface. It could be and was actually removed without injury to itself. It could be replaced without material damage to the realty. It, therefore, complies with the principal tests employed by the courts to determine whether removal may be had without material injury to the freehold. (*De Bevoise* v. *Maple Ave. Const. Co.*, 228 N. Y. 496, 500, cited with approval in *Madfes* v. *Beverly Development Corporation, supra.*) In the *De Bevoise* case the Court of Appeals in referring to certain mantels, bookcases and consoles, stated that the circumstances that their removal would leave the plaster

exposed was but one factor to be considered and not at all determinative. It declared that it was important to have evidence as to whether the chattels were intended to form part of the inner surface of the building, or to contribute to its support, and also as to whether, if removed, they could be replaced without material injury to the realty.

In *Fitzgibbons Boiler Co.* v. *Manhasset Realty Corporation* (198 N. Y. 517, revg. 125 App. Div. 764, upon the dissenting opinion of SCOTT, J.) it was held that boilers connected to a building by steam piping, which could be disconnected, taken apart, removed and replaced without serious injury to the building, were not so affixed to the realty that the intention of the parties that they remain personalty would not be given effect. In *Davis* v. *Bliss* (187 N. Y. 77), referred to with approval in the *De Bevoise Case* (*supra*), a gasoline engine was regarded as personalty although it was bolted to a substantial foundation of cement, and connected with pipes running through the floors, ceilings and roof of the building. Similar holdings are to be found in *Tifft* v. *Horton* (53 N. Y. 377); *Duntz* v. *Granger Brewing Co.* (41 Misc. 177; affd., 96 App. Div. 631; affd., 184 N. Y. 595) and in numerous other cases. In *Kohler Co.* v. *Brasun* (249 N. Y. 224) a power and light plant installed by a conditional vendor was held to pass to a subsequent purchaser of the realty, but only because the conditional sale agreement was not filed (See p. 228), *and not for the reason that the plant was thought not severable without material injury to the freehold.* (See *Madfes* v. *Beverly Development Corporation, supra,* 18, 19.)

The heating system installed in the instant case obviously belongs to the indeterminate or " third " class referred to in *Madfes* v. *Beverly Development Corporation* (*supra*). The exceptions to that class referred to at page 16 of the court's opinion, *i. e.,* chattels " where the subject or mode of annexation is such that the attributes of personal property cannot be predicated of the thing in controversy * * * as where the property could not be removed without practically destroying it, or where it or part of it, is essential to the support of that to which it is attached," are not applicable. As the agreement of conditional sale signified an intention that the system was to remain personalty, and as it was duly and properly filed, the plaintiff was entitled to succeed in its replevin action.

Judgment reversed, with costs, and judgment directed in favor of plaintiff as prayed for in the complaint, with costs.

All concur; present, LYDON, LEVY and FRANKENTHALER, JJ.