PRUDENCE-BONDS CORPORATION, Plaintiff, *v.* 1000 ISLAND HOUSE COMPANY, INC., and Others, Defendants.

Supreme Court, Jefferson County, December 19, 1930.

*Lynn G. Goodenough* [*Gerard I. Walters, C. R. Wiltse* and *John H. O'Brien* of counsel], for the plaintiff.

*Benjamin P. De Witt* [*John C. Purcell* of counsel], for the defendant F. R. Cruikshank & Co.

*Hudson & Phelps*, for the defendant Ahlheim Bros., Inc.

Other defendants not appearing.

DOWLING, J.   On March 9, 1925, defendant 1000 Island House Company, Inc., was the owner of a summer hotel, with equipment, known as the "1000 Island House," situate at Alexandria Bay, N. Y.   On said date plaintiff became the owner of the realty and chattel mortgages described in the complaint.   The chattel mortgage was given as collateral security for the payment of the indebtedness covered by said realty mortgage.   The chattel mortgage was filed in the clerk's office of the town of Alexandria March 15, 1925, and the realty mortgage was recorded in the Jefferson county clerk's office March 13, 1925.   Plaintiff is the sole owner and holder of said mortgages.   On the 1st of April, 1930, the balance of the principal sum unpaid on said realty mortgage, amounting to $42,500, became due and payable, was called, and the parties responsible for the payment thereof defaulted, whereupon, and on May 27, 1930, plaintiff instituted this action to foreclose said first mortgage and said chattel mortgage.   There is concededly due and unpaid upon said first mortgage $42,500, with accumulated interest thereon and some additional charges in the nature of insurance, etc.

On the 31st of May, 1927, defendant F. R. Cruikshank & Co. entered into an agreement in writing, dated April 29, 1927, with defendant 1000 Island House Co., Inc., by the terms of which

Cruikshank & Co. agreed to install in the 1000 Island House a dry pipe, automatic sprinkler system, at the agreed price of $50,768, payable in eight installments of $6,346 each, the first payment to be made upon completion of the installation of the system, and $6,346 on September 1, 1928, and September first each year thereafter, until the full amount should be paid. (By agreement between said parties, dated August 1, 1927, the date of payment was changed to August first.) The title to said sprinkler system, and all improvements thereon, was to remain in Cruikshank & Co. until fully paid for. The work of installing said sprinkler system was undertaken immediately and was completed August 1, 1927, and the statement required in connection with the filing of conditional sales contracts, relating to goods affixed to realty, was filed in the Jefferson county clerk's office April 10, 1928. Said conditional sales contract was filed in the clerk's office of the town of Alexandria, Jefferson county, July 11, 1927, and recorded in the Jefferson county clerk's office December 28, 1927. Renewals thereof were filed in said clerk's office April 1, 1929, and March 28, 1930.

The 1000 Island House Co., Inc., defaulted in payment of the installment due Cruikshank & Co. on the 1st of August, 1929. Thereafter said Cruikshank & Co. instituted an action against said 1000 Island House Co., Inc., to recover the unpaid balance due and owing for the installation of said sprinkler system, together with certain items of insurance which said Cruikshank & Co. was obliged to pay to protect its said property, and on June 14, 1930, docketed a judgment against said company in New York county in the amount of $37,989.49. A transcript of said judgment was docketed in the Jefferson county clerk's office June 17, 1930. No part of said judgment has ever been paid, and no execution was ever issued thereon.

On May 28, 1930, defendant Ahlheim Bros., Inc., docketed a judgment in the Jefferson county clerk's office against defendant 1000 Island House Co., Inc., in the amount of $1,410.65. Execution was issued upon the said judgment on said date and was returned unsatisfied June 14, 1930. No part thereof has been paid.

Under the 23d paragraph of the complaint, plaintiff alleges that the sprinkler system installed by Cruikshank & Co., under its conditional contract, is so affixed and annexed to the real property covered by its mortgage as to become part thereof, and cannot be removed therefrom without material injury to the freehold, and that the lien of plaintiff's mortgage is prior and superior to the rights, if any, of said Cruikshank & Co. under such conditional

contract of sale, and that said conditional contract of sale is void and of no legal effect as against the lien of plaintiff's said mortgage.

Under paragraph 25 of the complaint, plaintiff alleges that the defendant Ahlheim Bros., Inc., has or claims to have some interest or lien upon the mortgaged premises.

Plaintiff asks judgment that said Cruikshank & Co. and said Ahlheim Bros. Inc., be barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises, including fixtures, furniture, hotel equipment and furnishings described in its said chattel mortgage.

Defendant Cruikshank & Co. admits that its said sprinkler system is so affixed and annexed to the said realty as to become a part thereof, but denies that it cannot be removed therefrom without material injury to the freehold. It also denies that the lien of the plaintiff's said mortgage is prior and superior to its rights, whether under said conditional sales contract, or otherwise, and denies that said conditional sales contract is void and of no legal effect as against the lien of plaintiff's said mortgage. It further alleges that the lien of plaintiff's said mortgage does not extend to said sprinkler system, and, as a separate defense, it alleges that said sprinkler system was so affixed to the realty as to become a part thereof, but that it is and was severable without material injury to the freehold and that the plaintiff is not a subsequent mortgagee or purchaser of said premises, for value and without notice, of its title to the said sprinkler system.

Defendant Ahlheim Bros., Inc., alleges as a defense that on May 28, 1930, it recovered judgment for $1,410.65 against the 1000 Island House Co., Inc., and docketed same in the clerk's office of Jefferson county; that said judgment remains wholly unpaid and unsatisfied; that it was entered prior to the filing of summons and complaint and recording of *lis pendens* in this action; that on March 9, 1925, said 1000 Island House Co., Inc., delivered to the plaintiff a chattel mortgage covering the personal property described in the complaint herein; that said chattel mortgage was filed in the clerk's office of the town of Alexandria, Jefferson county, N. Y., March 14, 1925; that it was never filed or recorded in the Jefferson county clerk's office; that said chattel mortgage was given without the consent of the directors or stockholders of said 1000 Island House Co., Inc.; that no renewal of said chattel mortgage was filed in the clerk's office of the town of Alexandria in accordance with the provisions of the Lien Law of the State of New York; that said instrument is wholly void as against Ahlheim Bros., Inc.

The evidence is to the effect that the said sprinkler system, and each and every part thereof, can be easily and readily removed

from the building in question, without material injury to the freehold, or to the system itself. Under those circumstances Cruikshank & Co. may remove same. (*DeBevoise* v. *Maple Ave. Construction Co.*, 228 N. Y. 496; *Metropolitan Stone Works, Inc.*, v. *Probel Holding Corp.*, 131 Misc. 519; *Holt* v. *Henley*, 232 U. S. 637; *Standard Motors Finance Co.* v. *Weaver*, 199 N. C. 178; 153 S. E. 861.)

The openings in the walls and floors and the holes in the ceiling, numbering 1,795, left after or occasioned by the removal of the system, would not, in any way, weaken the structure of the building, and said openings and holes could be closed and repaired for $1,100.

Plaintiff contends that, if the sprinkler system be removed, it should be entitled to an allowance from the defendant Cruikshank & Co. to meet the cost of restoring the building to the condition in which it was before the installation of said sprinkler system. In view of the fact that the sprinkler system was installed subsequent to the plaintiff's mortgage, and that the owner, the 1000 Island House Co., Inc., had a legal right to contract for such installation, I cannot see on what principle plaintiff could hold Cruikshank & Co. liable to pay for the restoration of the building. Of course, it would be liable for any damage to the freehold occasioned by negligence in removing said system.

Defendant Ahlheim Bros., Inc., contends that defendant Cruikshank & Co. has no legal right to remove the sprinkler system as against it for the reason that the conditional sales contract was not filed in Jefferson county clerk's office until seven months after the installation of the sprinkler system, thus rendering the contract void as against the owner of the property under section 67 of the Personal Property Law (added by Laws of 1922, chap. 642, since amd. by Laws of 1930, chap. 874), that if the contract is void as to the owner, it must also be void as against an execution creditor. Plaintiff does not assert this proposition. I am of the opinion that the 3d sentence of section 67 of the Personal Property Law, upon which defendant Ahlheim Bros., Inc., bases its contention in this respect, is not applicable under the circumstances of this case. (Commissioners' note to section 7 of the Uniform Conditional Sales Act, 2 Uniform Laws, Annotated, 13; *Forest Hills Terrace Corp.* v. *Alamac Hotel Co.*, N. Y. L. J. May 7, 1925, p. 526; *Kohler Co., Inc.*, v. *Brasun*, 128 Misc. 507; affd., 249 N. Y. 224; *Crown* v. *Regna Construction Co.*, 146 Atl. 346.)

Nor does the second sentence of section 67 of the Personal Property Law avail either the plaintiff or the defendant Ahlheim Bros., Inc., because if the case comes within the provisions of said sentence of the Personal Property Law, the conditional sales contract,

although unfiled, would be good, except as against subsequent purchasers and mortgagees for value and without notice. The plaintiff is a prior mortgagee and Ahlheim Bros., Inc., a creditor. Neither one, therefore, falls within the class as to which an unfiled conditional sales contract is void. In any event, the conditional sales contract was filed in the Jefferson county clerk's office approximately two years before the Ahlheim Bros., Inc., judgment was recovered and docketed in said clerk's office, and there is no proof that said defendant did not have notice of the existence of said conditional sales contract before it extended the credit to the said 1000 Island House Co., Inc., upon which its said judgment was recovered.

Defendants Cruikshank & Co. and Ahlheim Bros., Inc., maintain that the said chattel mortgage is void as to them as creditors of the defendant 1000 Island House Co., for the reason that said chattel mortgage was not renewed as required by statute. In answer to this contention, plaintiff asserts that its said chattel mortgage is valid as against said defendants on two grounds: (1) That the plaintiff, prior to the entry of either of said judgments, took possession of all of the property covered by its said chattel mortgage and was in complete possession thereof at the time said judgments were docketed; (2) that said chattel mortgage was, in fact, refiled before the recovery and docketing of either of said judgments, and that such refiling restored the lien of said chattel mortgage as against subsequent creditors.

There is no proof in the record as to when the demand upon which Ahlheim Bros., Inc., recovered its said judgment matured. It is otherwise with Cruikshank & Co.'s claim, as it proved the date of default by the 1000 Island House Co., Inc., in payment of installments due under said conditional sales contract, to be August 1, 1929.

The evidence sufficiently establishes the fact that plaintiff took exclusive possession and control of the mortgaged articles about March 1, 1930, and continued in such possession and control until Mr. Massey was appointed receiver of all of the property in question on the 5th of August, 1930, and he, as receiver, has continued in exclusive possession and control of said chattels since the date of his appointment. It is well established by authority that, in such a case, the mortgage is valid against the subsequent lien of creditors notwithstanding the failure to refile. (*Commercial Bank* v. *Davy*, 81 Hun, 200, 203; *Levin* v. *Russell*, 42 N. Y. 251, 255.) Moreover, plaintiff refiled said chattel mortgage May 5, 1930, and before the entry of defendant's said judgments. The refiling of a chattel mortgage, after the expiration of the period for filing renewal

affidavit, is effectual to protect the mortgagee against an execution creditor whose execution is not levied until after the second filing. (*Swift* v. *Hart*, 12 Barb. 530; *Nixon* v. *Stanley*, 33 Hun, 247.) A lien does not attach until an execution is actually delivered to an officer. (*Baker* v. *Hull*, 250 N. Y. 484, 488.)

Ahlheim Bros. also asserts in its brief that the contract of conditional sale in question is void, as it contains no clause briefly describing the realty. I think the conditional sales agreement, as a whole, sufficiently described the property to comply with the statute.

It is conceded that much of the property described in the complaint as covered by plaintiff's said chattel mortgage was acquired after the execution of that instrument. Said defendants claim that a chattel mortgage upon after-acquired personal property is void as against creditors of the mortgagor. This contention is sound. Hence, said defendants have a prior lien over the plaintiff, upon the articles acquired after the execution of said chattel mortgage. (*MacDonnell* v. *Buffalo Loan, Trust, etc., Co.*, 193 N. Y. 92; *Zartman* v. *First National Bank*, 189 id. 267, 271.)

Plaintiff is entitled to judgment of foreclosure of its real estate mortgage against the property therein described subject to the right of the defendant Cruikshank & Co. to detach from said property and remove the said sprinkler system. Plaintiff is also entitled to judgment foreclosing the said chattel mortgage, subject, however, to the rights of defendants Ahlheim Bros., Inc., and Cruikshank & Co. in the after-acquired property described therein.

If the parties cannot agree on the items constituting after-acquired property under said chattel mortgage, a reference will be had to Hon. George W. Reeves, of Watertown, N. Y., to hear and determine said matter.

Plaintiff, at the trial, relied upon the case of *Modern Security Co.* v. *Thwaites* (137 Misc. 485) as a precedent holding that the sprinkler system in question became a part of the realty and could not be removed without material injury to the freehold. This case was reversed at the Appellate Term of Supreme Court of the First Department in November, 1930 (138 Misc. 469). The court directed judgment for the plaintiff.

The defense raised in the answer of Ahlheim Bros., Inc., that the chattel mortgage in question was executed without the consent of the stockholders of the 1000 Island House Co., Inc., and is, therefore, void was not pressed upon the trial and has not been considered here. Parties reserved their rights at the close of the trial to make any motions deemed advisable in their written briefs. None have been submitted therein.

Findings and judgment accordingly, with costs to the plaintiff.