Mary Voss and Another, Copartners Trading under the Firm Name and Style of Voss Ice Machine Works, Plaintiff, *v.* Melrose Bond and Mortgage Corporation, Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, May 19, 1936.

*Lesser & Lesser [Harry Lesser* of counsel], for the plaintiffs.

*Kadel, Van Kirk & Trencher [Harold Leddy* of counsel], for the defendant.

WINTER, J.   The plaintiffs in this action are suing the defendant to recover the damages they claim they have suffered by reason of the defendant's conversion of an ice-making and refrigerating plant, which they installed in the premises now owned and occupied by the defendant in Mount Kisco, in the town of Newcastle, Westchester county, N. Y.   The act of conversion consisted of the defendant's refusal to surrender the plant to the plaintiffs upon their demand.   The damages claimed are an amount equal to the balance of the unpaid purchase price of the plant.

There is substantially no conflict in the testimony, except perhaps as to the manner in which the property in question is affixed to the real estate on which it has been located during the period when the events involved in this controversy have occurred.   As to that issue I find from the testimony that this ice-making and refrigerating plant consisted of a tank and a shell, ammonia connections, and nine coils inclosed in boxes, and the bar; also a pump and motor and a compressor.   All of these as a plant are attached to the real estate, but they may be removed without material injury to the freehold.   The tank and shell are assembled in the basement with the pump motor and compressor.   The latter are bolted to concrete blocks or foundations.   That of the compressor is part of the concrete floor, while the concrete foundation of the motor is actually detachable from the floor.   Its appearance, however, is such that defendant's engineer was reasonably led to believe from his inspection of the base that it also was imbedded in the floor.   From this assembly pipes led along the ceiling of the basement and were fastened to the boarding by hangars, and ran through the floors through holes cut into the flooring, terminating in the interior of the ice boxes, where they were attached to the coils.   To the purchaser of the realty this plant might reasonably appear to be a part of the building, clamped to its concrete floor and woven through its floors and walls.

On March 23, 1931, the plaintiffs had sold this ice-making and refrigerating plant to the Chalet Operating Company, Inc., and had installed it in the said premises in Mount Kisco in the manner found herein.   At that time the premises were not owned by Chalet Operating Company, Inc., but were occupied by that corporation as a tenant of another corporation, Green's Chalet, Inc., which was the owner of the realty.   In plaintiffs' bill of sale or contract with the tenant there was a provision that " machinery or materials

furnished by the contractor shall remain personal property whether attached to the realty or otherwise and the title shall remain in said contractor until the entire purchase shall be paid actually to him in cash." Notwithstanding the fact that this entire purchase price was not paid to the plaintiffs, they did not file this contract or any statement pertaining thereto in the office of the county clerk of Westchester county before the plant was attached to these premises or thereafter, as provided in section 67 of the Personal Property Law. The balance of $850 due on this contract has never been paid by the Chalet Operating Company, Inc., but at the time of plaintiffs' demand on this defendant was still unpaid.

On the 14th day of September, 1928, long prior to plaintiffs' sale and installation of this plant, the owner of these premises in Mount Kisco, Green's Chalet, Inc., had executed a mortgage to this defendant, covering not only the freehold, but also " all fixtures and articles of personal property, now or hereafter attached to, or used in connection with the premises." This mortgage remained in effect until the summer of 1932, when the defendant herein as mortgagee thereunder filed its suit to foreclose the same. It did not include the plaintiffs in its summons in the action; not having discovered the existence of their conditional bill of sale. That action terminated in a judgment of foreclosure and sale of this realty, " together with all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises, all of which are covered by the mortgage being foreclosed herein." Upon this sale the defendant purchased the premises and fixtures and received a referee's deed of the premises " together with all fixtures and articles of personal property directed by said judgment to be sold." There is thus a chain of title from the owner of the premises to this defendant, unless it is broken by the plaintiffs' bill of sale.

Thereafter, in August, 1934, or three years after their vendee's default in paying the purchase price of these fixtures, and while defendant was in possession of them on the premises, plaintiffs made their demand for the return of this plant, the refusal of which constitutes the conversion upon which this action is based.

Plaintiffs contend that this plant as it was attached by them to the realty never lost its identity as personalty, and always remained a movable like a gas stove, and never did become a part of the freehold, and that no filing of the bill of sale reserving title in them was required by section 67 of the Personal Property Law; and, also, even if such filing was required, nevertheless this defendant was not a subsequent purchaser, but got his title and possession by virtue of a mortgage given by the owner of the realty prior to plaintiffs' conditional bill of sale.

In my opinion the Court of Appeals of this State has puffed away the plaintiffs' first contention. (*Kohler Co., Inc.*, v. *Brasun*, 249 N. Y. 224, and *Madfes* v. *Beverly Development Corporation*, 251 id. 12; the latter in connection with Judge CRANE's dissenting opinion, I think, dispose of plaintiffs' theory that this refrigerating plant, which is planted on concrete foundations and twines among the flooring and beams of this building, is akin to a gas stove.) Certainly such doubts respecting the character of this kind of property and its ownership can reasonably be entertained as may require prolonged litigation for their solution. The purpose of section 67 of the Personal Property Law is to obviate just such doubts and to protect both the conditional vendor and the subsequent buyer of the real estate, by requiring the conditional vendor to file his contract in the same office where deeds and other papers affecting real estate are filed. No doubts can be entertained about gas stoves, because the Court of Appeals has consistently held that they are movables.

Plaintiffs' second contention I think is also untenable. This defendant takes its title and possession of the plant by its purchase of the realty and fixtures at the foreclosure sale on the 20th day of December, 1932, long after the date of the conditional bill of sale and the affixing of the plant to the realty. This brings the defendant within the protection of section 67 of the Personal Property Law, which provides that: " The reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless," etc. That the defendant besides being the purchaser at the foreclosure sale was also the mortgagee of the realty and the plaintiff in the foreclosure suit does not help the plaintiffs. If defendant's title to the realty and fixtures can be said to come from the owner's mortgage of the realty and fixtures instead of the referee's deed, then the defendant got what the mortgagor, the original owner of the realty, had. As he was the owner of the realty when plaintiffs sold the plant to the owner's tenant, their reservation of property in the bill of sale to the tenant is void as to this owner, who is not the buyer of the goods. The third sentence of section 67 of the Personal Property Law provides that " as against the owner of realty who is not the buyer of the goods the reservation of the property in goods by a conditional seller shall be void when such goods are to be so affixed to the realty as to become part thereof but to be severable without material injury to the freehold, unless the conditional sale contract * * * shall be filed before they are affixed, in the office where a deed would be recorded or registered to affect such realty."

The opinion of Mr. Justice DOWLING in Special Term of the Supreme Court in *Prudence-Bonds Corporation* v. *1000 Island House Co., Inc.* (141 Misc. 39) is not in point here. In that case Judge DOWLING merely held that the plaintiff in a foreclosure of its mortgage that was given prior to a conditional bill of sale of fixtures, was not a subsequent purchaser entitled to the protection of section 67 of the Personal Property Law. The plaintiff there had not bought the realty at the foreclosure sale (the proceedings not having reached that stage). Moreover, the conditional vendee there was also the owner of the realty, so that there was nothing that brought the plaintiff within that section of the Personal Property Law.

In my opinion the reservation of property in the plaintiffs' conditional sale is void as against this defendant, and their demand for the return of the plant by the defendant and the latter's refusal did not constitute a conversion of these fixtures.

Judgment should be awarded to the defendant dismissing the complaint.